## LORAIN COAL & DOCK COMPANY v ATKINSON, Admr. et

Ohio Appeals, 2nd Dist, Franklin Co

No 3310. Decided June 12, 1941

Robert E. Scott, Cambridge; Taplin & Taplin, Columbus, and Vorys. Sater, Seymour & Pease, Columbus, for plaintiffs-appellants.

Eagleson & Laylin, Columbus, Amicus Curiae, on behalf of Ohio Chamber of Commerce.

Dargusch, Caren, Greek & King, Columbus, Amicus Curiae, on behalf of Retail Merchants.

Thomas J. Herbert, Columbus, Attorney General; E. G. Schuessler, Columbus, Chief Counsel; David M. Spriggs, Asst. Atty. Gen'l., for H. C. Atkinson, Admr.

John Cinque, Jr., W. B. Bartels, Columbus, and William Lavelle, for claimants-defendants.

## OPINION

By HORNBECK, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiffs' appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The plaintiffs, twenty-three in number, and all being engaged as operators in the mining of coal within the State of Ohio, and all being contributors to the Unemployment Compensation Fund of Ohio as employers as defined in §1345-1b GC, filed their petition in the Common Pleas Court, praying for a restraining order and injunction against the defendant, H. C. Atkinson, as Administrator, from paying any amounts by way of compensation benefits awarded to the employees under and by virtue of the decisions and orders of the Board of Review, pending the final determination of the appeals now pending in various counties of the State of Ohio where the respective appellants have their principal place of business.

One plaintiff, to-wit, The United States Coal Company, has prosecuted its appeal through the Common Pleas Courts of Cuyahoga County where an adverse decision was returned. On appeal to Court of Appeals judgment was affirmed; Supreme Court denied motion to certify. In most other instances if not all, the plaintiffs' appeals are pending in the Common Pleas Courts and not yet adjudicated.

The following brief statement of facts will render understandable the nature and scope of controversy.

Sometime in April, 1939, the employees of the respective plaintiffs made application to the Ohio Bureau of Unemployment Compensation for benefits under said law. On May 9, 1939, H. C. Atkinson, Administrator of the Bureau, disallowed said claims on the grounds that the condition of unemployment of said employees constituted a strike which made said employees ineligible for benefits under §1345-6c of the Ohio Unemployment Compensation Law; that on May 19, 1939, the em-

ployees of the several claimants-plaintiffs appealed to the Board of Review from said decision of the administrator. Thereafter the Board of Review consolidated the appeal of Charles Ambrose and the appeals of all other employees of the United States Coal Company and heard the same. On August 29, 1939, the majority of the Board of Review rendered its decision, determining that the claimants did not lose their employment because of a strike in the establishment in which they were employed, but as a result of a cessation of mining operations after March 31, 1938, due to the non-existence of a basic agreement between the operators and miners, and the refusal of the operators to accept the miners' proposals for an extension of the old basic Appalachian agreement at the expiration thereof, pending orderly negotiations for settlement. Thereupon the Board of Review reversed the determination of the Administrator denying benefits and allowed the claims and granted benefits for the period, and in the amounts prescribed by law; that on January 31, 1940, the Board of Review consolidated for hearing the appeals of all employees of all other plaintiffs, being the appeals of ____ Ekovich and other employees of the Lorain Coal & Dock Company; that on April 17, 1940, the Board of Review rendered its decision which was similar in all respects to the decision rendered in the case of Charles Ambrose as employee of The United States Coal Co. The above enumerated claimed facts are set out in plaintiff's petition and amended petition.

It is further alleged that the compensation benefits which would be paid under the decision of the Board of Review would amount to considerably over $800,000.00.

The amended petition further alleges that notwithstanding the appeals now regularly pending in the various Courts of the state, the defendant, H. C. Atkinson, as Administrator, etc., is threatening to pay, and, unless restrained, will pay sums aggregating in

excess of $100,000.00 from the Unemployment Compensation Fund.

It is further alleged that the plaintiffs have a vital pecuniary interest in said fund and in the solvency thereof; that said payments once made will be unrecoverable and will constitute an illegal diversion of the moneys in said fund; that these plaintiffs have no adequate remedy at law; that all of these plaintiffs are similarly situated and that entertainment of this suit will avoid a multiplicity of suits and possible diversity of result in different jurisdictions in a matter in which there should be a uniformity of action on the part of the Administrator.

The amended petition makes the further affirmative allegation that the claimants-employees had voluntarily severed their connection with their employment by reason of a strike, and hence were not entitled to compensation.

Following the filing of the petition and service of summons the employees by leave of court were made parties defendant and filed answers. The answer, after admitting certain formal allegations of the petition, denied all others.

The Attorney General, representing H. C. Atkinson, the Administrator, filed a motion to dissolve the temporary injunction which had previously been granted at the time of filing the petition. The ground for such requested dismissal was that the petition did not state facts constituting a cause of action. The cause was submitted on the pleadings and stipulations. The trial court dissolved the temporary restraining order and dismissed plaintiffs' petition. This was the final order from which appeal was taken to this Court.

The trial court delivered a written opinion and we learn therefrom that it was the view of the trial judge that it was not proper for the court in Franklin County to assume supplementary jurisdiction, but that the relief sought could only be considered by the respective courts in which the appeals are pending.

We are in accord with the trial court wherein he finds no merit in the claimed jurisdiction as avoiding a multiplicity of suits, and possible diversity of result in different jurisdictions. In our judgment, the sole and only question is whether or not the various Courts of Common Pleas or Courts of Appeals, where the appeals are pending would have jurisdiction on a proper showing to grant injunctive relief pending the final determination of such appeals. If these various Common Pleas Courts would have such jurisdiction, then it would be improper to seek this ancillary relief in any other court. As we understand, counsel for the plaintiff in the hearing before the trial court admitted the jurisdiction of the various courts of Common Pleas to grant the injunctive relief if and when the various appeals were perfected.

At the time of filing the original petition in this county and securing the temporary injunction, the appeals had not been perfected, save and except in the case of the United States Coal Company. When the amended petition was filed the appeals of all the various plaintiffs had been perfected. It was urged as an additional ground authorizing the bringing of the action in this county, that it preceded the pending of the filing of appeals in the various Common Pleas Courts of the state. We find no merit in this contention.

In the original oral presentation before our Court, counsel for plaintiff likewise conceded that the various Common Pleas Courts wherein the appeals had been filed would have jurisdiction to allow injunctive relief. In a colloquy between the Court and counsel, some question was raised as to the correctness of this viewpoint. Counsel for plaintiffs now recede from their original position and now urge that the various Common Pleas Courts would not have jurisdiction to grant injunctive relief.

Counsel appearing for the Attorney General on behalf of Administrator Atkinson urge that plaintiff may not recede from the position taken before the trial court.

We find no merit in this argument. It is true that since the appeal to this court was on law no modifications could be made in the pleadings nor in the facts, but any and all legal questions are preserved even if they are now presented for the first time, or if properly presented through the pleadings and the record may be initiated by our court in its adjudication. The present action is against H. C. Atkinson as Administrator of the Bureau of Unemployment Compensation of the State of Ohio. If he is a proper or necessary party to the several appeals taken in the various Common Pleas Courts in the state, then we would hold that such courts would have the exclusive jurisdiction to grant under a proper showing, ancillary relief by way of injunction. Counsel filing brief amicus curiae make the claim that Administrator Atkinson is not a proper party in the various appeals and we are in accord with this contention, and for the following reasons: We think the entire question is conclusively determined by the provisions of §1346-4 GC. The first paragraph of this section provides that claims for benefits shall be filed with a deputy of the Administrator. Thereafter the Administrator or his deputy shall promptly examine any claim on the basis of facts found by him and shall determine whether or not the claim for benefits is valid, and if valid, the week with respect to which benefits shall commence and the maximum duration thereof. Thereafter the claimant and other parties who may be affected by such determination shall promptly be notified of the decision and the reason therefor. From the petition we ascertain that this procedure was followed. The claimants did present their claims for benefits, and after hearing Mr. Atkinson, Administrator, disallowed such claims upon the ground that the claimants were out of employment voluntarily by reason of a strike. The act specifically provides that benefits shall not be allowed under such circumstances.

The second paragrph of the above section provides that any interested party (in this instance it would be the claimants) may apply for a reconsideration and at the same time file an appeal to the Board of Review.

This paragraph further provides as follows:

"In the event that an appeal is filed with the board the payment of benefits shall be withheld pending decision on the appeal, but when the board affirms a decision of the referee allowing benefits, such benefits shall be paid notwithstanding any further appeal which may thereafter be taken, but if such decision is finally reversed no employers' accounts shall be charged with benefits so paid."

The appeal was not considered by a referee, but was taken up directly by the Board of Review, and this Board, after hearing, by a vote of two to one, determined in favor of the claimants in a written opinion. The dissenting members also filed a written opinion agreeing with the original finding of the Administrator.

Paragraphs 3, 4, 5 and 6 relate to hearing before the referee, his findings and decisions, report to the interested parties, carrying the hearing to the Board of Review even on their own motion or upon appeal granted, the taking and preservation of testimony before the referee, provision as to notice and sufficiency of an appeal, notification of all interested parties by the reviewing board when the hearing is removed or transferred from the referee, provisions for a complete record available for transcribing, if necessary.

Paragraph 7 need not be referred to.

Paragraph 8 provides, among other things, that,

"Any employer or employee who may be affected by the decision of the Board of Review or of a referee where an appeal has been disallowed by the Court, may within thirty days thereafter appeal from such decision to the Court of Common Pleas of the county where-in said appellant as an employee is resident, or was last employed, or in the county wherein appellant as an employer is a resident or has his principal place of business in Ohio. Such appeal shall be lodged with such court by the filing of a **petition against the board** and issuing of summons to such board." (Emphasis ours).

The remainder of the paragraph provides for the certifying of the transcript, and the further provision that the appeal shall be heard upon such transcript and the decision of the board shall not be modified or reversed unless such court shall find that such decision was unlawful, unreasonable or against the manifest weight of the evidence. Also there is a provision that either party shall have the right to appeal from the Court of Common Pleas as in other civil cases.

The final clause provides that except as herein provided the decision made by the administrator or deputy of the administrator, by the Board of Review or one of its referees shall be final.

We understand that Atkinson, Administrator's, expressed intent to pay the benefits as allowed by the Board of Review was intended as a compliance with the above quoted portion of said ¶2 of §1346-4 GC. Counsel for plaintiff urge that Atkinson, Administrator, may not properly make payment to claimants while the appeals are pending in the courts for two reasons: First, that the Board of Review did not affirm a decision of a referee allowing benefits; and, second, that this provision of the section is unconstitutional. (We think the objection is well made on both grounds).

The gist of this suit is that the parties plaintiffs as employers stand in like situation toward the defendant by reason of the fact that the plaintiffs are engaged in the business of mining coal in the State of Ohio, and the defendant is Administrator of the Bureau of Unemployment Compensation of the state of Ohio in charge of the unemployment compensation fund, and that the employees of the plaintiffs made

applications to the Ohio Bureau of Unemployment Compensation for benefits under the law; that the claims of the employees should not be allowed as they were ineligible for benefits under §1345-6 (c) of the Ohio Unemployment Compensation Law, because during the period covered by said claims said employees were out of employment because of a strike to which they were parties. It is averred that the cases of the employees of all of the plaintiffs were similar in all respects to the decision rendered in the case of Charles Ambrose, an employee of the United States Coal Company, by the Board of Review. The United States Coal Company was originally a party plaintiff in this action and it and the other parties plaintiff had filed appeals from the decision of the Board of Review to the Common Pleas Court of the proper counties of the state, and that such appeals were then pending. The United States Coal Company later withdrew from this suit and its appeal was prosecuted through the Common Pleas Court of Cuyahoga County, and the Court of Appeals of that county, both of which courts entered judgment against said company, and the Supreme Court of Ohio overruled the motion of said The United States Coal Company to certify the record of the Court of Appeals of Cuyahoga County for review.

The determinative question presented in the United States Coal Company case, considered and decided against it by the courts, was whether or not its employees during the interim between the exipration of the old contract between it and its employees and the conclusion of the new agreement, were on a strike. The cases in which the question arose and were decided were, Common Pleas Court of Cuyahoga County, No. 491256, the **United States Coal Company, Plaintiff v Unemployment Compensation Board of Review of Ohio, et, Defendants**; opinion by Judge Hurd, **30 Abs 509**. Affirmed under the same title, **66 Oh Ap 329**. Motion to certify record overruled, Ohio Bar, February 24, 1941.

The identity of the question presented in the controversies between the parties plaintiff and their employees and carried into the various cases on review in the Common Pleas Courts and other courts throughout Ohio, is established by the averments of the amended petition in the Common Pleas Court of this county now on review here. It is obvious and basic that the determinative question in all of these suits was whether or not the employees were on a strike during the period under consideration and it was the claim of the plaintiffs that they were and the insistance of the defendant in this suit and the defendants in all the other actions, that they were not. This question having been determined this Court would no longer use its discretion to keep effective an order restraining the defendant from paying the amount by way of compensation benefits awarded to the employees of these plaintiffs by virtue of decision and order of the Board of Review. The cautionary reason which prompted this court to make the original order and to continue it until we could pass upon the appeal has disappeared by reason of the adjudication of the questions presented in the United States Coal Company case. It follows that on the merits the plaintiffs in this case could not have been prejudiced by the judgment of the Common Pleas Court and it will be affirmed and the restraining order heretofore issued in this court will be vacated.

GEIGER, PJ., concurs.

BARNES, J., dissents:

In my opinion the injunction should be continued for each plaintiff so long as separate cases are pending in any court. My dissent goes to the judgment.